UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kim Stives,
Plaintiff

v.

Case No. 25-cv-165-SM-AJ
Opinion No. 2026 DNH 121

State of New Hampshire, Department of Natural and Cultural Resources, et al.,
Defendants

**O R D E R**

Kim Stives appears to have been a seasonal employee of the New Hampshire Department of Natural and Cultural Resources (DNCR). She brought this action against the DNCR alleging that she was the victim of workplace discrimination, in violation of both state and federal law. In response, defendants filed a motion to dismiss, asserting that none of the claims advanced by Stives adequately and plausibly alleges the essential elements of a viable claim. Stives did not object or otherwise respond.

Nevertheless, recognizing Stives' pro se status, the court entered an order noting the apparent merits of defendants' motion but affording Stives additional time within which to file either a responsive pleading or an amended complaint:

> Pro se plaintiff has not filed an objection or other pleading responsive to the pending motion to dismiss.
>
> On its face the motion to dismiss seems meritorious if, as it claims, plaintiff failed to file any administrative discrimination complaint with either the EEOC or the State of New Hampshire before filing suit in this court. The motion to dismiss also correctly notes the absence in the complaint of any factual allegations to support the conclusory legal claims asserted.
>
> Plaintiff shall file a pleading responsive to the motion to dismiss (and an amended complaint if appropriate setting out facts supporting the legal claims made) on or before March 25, 2026, **failing which the motion will necessarily be granted**.

Endorsed Order (February 24, 2026) (emphasis supplied).

Plaintiff responded by filing a copy of her "right to sue" letter issued by the EEOC and moving for additional time within which to file an amended complaint. See Motion to Extend Time (document no. 11). The court granted that motion and afforded Stives an additional four months within which to file an amended complaint. Endorsed Order (May 9, 2026). Two months have passed since that extended deadline lapsed. Yet, plaintiff has remained silent; she has filed neither an objection nor an amended complaint in compliance with the court's order.

As the court observed earlier, Stives' minimalistic complaint contains insufficient factual allegations to support

any of the legal claims advanced. It also appears that while she did file a complaint with the EEOC, she did not initiate this suit within 90 days after receipt of her "right to sue" letter, as is required. Thus, it would seem that she is likely barred from pursuing any federal discrimination claims (Title VII, the ADA, the ADEA, etc.), as well as any claim under New Hampshire's Law Against Discrimination, N.H. Rev. Stat. Ann. ch. 354-A. See generally Hill v. Textron Auto. Interiors, Inc., 160 F. Supp. 2d 179 (D.N.H. 2001). See also 42 U.S.C. § 2000e-5(f)(1) (the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.").

## Conclusion

In light of the foregoing, and for the reasons discussed in defendants' legal memorandum (document no. 10-1), it is plain that plaintiff's complaint fails to adequately and plausibly set forth the essential elements of any viable claims. Moreover, despite having been warned that her claims would be dismissed if she failed to comply with the court's order dated February 24, 2026, she has neither prosecuted this case in a timely manner nor has she complied with the court's order that she file an objection and/or amended complaint. See generally Fed. R. Civ.

P. 41(b) (authorizing the dismissal of a complaint based upon plaintiff's failure to prosecute and/or failure to comply with a court order).

Accordingly, defendants' Motion to Dismiss (**document no. 10**) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

September 2, 2026

cc: Kim Stives, pro se
Counsel of Record